UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARTER STEPHENS,<br><br>           Plaintiff,<br><br>    v.<br><br>MARINO WHITE O'FARRELL & GONZALEZ, et al.,<br><br>           Defendants. | CASE NO. C10-5820BHS<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND PROVIDING PLAINTIFF WITH NOTICE |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. DISCUSSION**

On April 5, 2011, this case was reassigned to the undersigned. Dkt. 41. The order herein is repetitive of an order already issued by the undersigned in a related case, 10-5196. In the related case, the Court admonished Plaintiff's counsel for the method and means by which he is proceeding in this case. The Court regards the instant motion similarly.

ORDER - 1

**A.     Plaintiff's Motion for Summary Judgment**

On January 3, 2011, Plaintiff moved the Court for summary judgment. Dkt. 20. On February 10, 2011, Plaintiff notified the Court that no Defendant had opposed their motion for summary judgment. Although the Court might ordinarily consider finding such an unopposed motion meritorious under Local Rule 7(b)(2) (failure to file opposition pleadings), this is not an ordinary case.

Currently no remaining named Defendant has appeared or is participating in this case. In fact, the only named Defendants that appear to have had more involvement in this case than being served, are the two that Plaintiff voluntarily dismissed. *See, e.g.,* Dkt. 18. Additionally, the Court has not yet set a case schedule that would supply the timing for dispositive motions such as a summary judgment motion.

The Court sets such a case schedule when the parties submit a **joint** status report in accord with the Court's rules. To date, Plaintiff has not submitted a **joint** status report, which, if filed, would be followed by the Court entering a case schedule in this matter.

Based on the foregoing, Plaintiff's summary judgment motion is premature. The proper vehicle for obtaining judgment when parties do not appear to defend in a suit is a motion for default, which Plaintiff has not filed.

**B.     Progression of a Civil Case**

The orderly progression of a case begins with a simple and plain statement of the harm caused and the relief sought: a complaint. *See* Fed. R. Civ. P. 8. Here, Plaintiff's counsel filed a 330-page amended complaint. Dkt. 17. This is neither short nor plain and is unacceptable. *See id.* (nine pages are dedicated to the caption).

The 330-page amended complaint leaves the Court with little ability to comprehend what claims are being made and on what facts those claims might be supported. Further, with Plaintiff voluntarily dismissing every Defendant who seems to have participated in this case in some manner, the Court must understand which

ORDER - 2

Defendants remain and which claims attach to those Defendants. Plaintiff shall, therefore, file a second amended complaint ("SAC") no later than May 5, 2011. This SAC shall be both simple and plain in accord with the rules and shall not exceed twenty (20) pages unless good cause is shown and leave of Court is granted.

The joint status report deadline in this case is hereby extended to June 10, 2011. Failure to file a **joint** status report may result in the dismissal of Plaintiff's case. Should any remaining Defendants fail to appear in this case after the SAC is filed and served upon them, Plaintiff may then move for default in accord with the rules.

### C.     Notice to Plaintiff's Counsel

Plaintiff's counsel is directed to use the caption as provided in this order in all pleadings going forward, and is not to put more than a simple title for the type of motion he brings before the Court. Plaintiff's counsel is also directed to comply with all of the civil rules and the local rules. Additionally Plaintiff's counsel is directed to make his CM/ECF filings in an appropriate manner and with short and plain titles to inform the Court as to the nature of the pleading or document filed. Plaintiff's counsel's current method of identifying filings on the docket is unacceptable. If and when Plaintiff's counsel elects to file additional motions, those motions will be supported by the proper documentation (supporting documents should be filed on CM/ECF as attachments to an affidavit or declaration).

Failure to comply with these directives could result in sanctions.

## II. ORDER

Therefore, it is hereby **ORDERED** that:

(1)     Plaintiff's motion for summary judgment (Dkt. 20) is **DENIED without prejudice**;

(2)     Plaintiff shall **FILE** a SAC as discussed above, on or before May 5, 2011, which is not to exceed **twenty (20)** pages, unless good cause is shown and leave of Court is granted; and

(3)     Plaintiff's counsel is directed to take notice of and comply with the directives herein.

DATED this 15th day of April, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4