UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARTER STEPHENS,

Plaintiff,

v.

MARINO, WHITE, O'FARRELL & GONZALEZ, attorneys, counselors, and solicitors at law, a New Jersey unincorporated business entity, et al.,

Defendants.

CASE NO. C10-5820BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES

This matter comes before the Court on Plaintiff's motion for attorney fees for his counsel, Dean Browning Webb ("Webb"). Dkt. 74. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants in part and denies in part Plaintiff's motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

Several facts are important in determining the amount of attorney fees that may be justified in this case. Webb began this suit on behalf of Plaintiff by filing a 319-page

complaint, which Plaintiff then followed up with a 330-page amended complaint. Dkt. 1. In response to the Court's joint status report ("JSR") order, Webb filed a JSR that could not be considered "joint" as no party other than Plaintiff submitted the materials and what was submitted was of little use to the Court.

Every time named Defendants filed an appearance in this case, Webb promptly filed for their dismissal. *See, e.g.*, Dkt. 18. On January 3, 2011, Webb filed a motion for summary judgment, which the Court promptly denied as being premature and directed Webb to the Federal Rules of Civil Procedure to become better informed of the litigation cycle and when such a motion is appropriate. Dkt. 42. In the same order, the Court directed Plaintiff to file a second amended complaint ("SAC") that would be "both simple and plain in accord with the rules and shall not exceed twenty (20) pages unless good cause is shown and leave of the Court is granted." Dkt. 42 at 3.

Additionally, within the same order, the Court placed Webb on notice as follows:

> Plaintiff's counsel is directed to use the caption as provided in this order in all pleadings going forward, and is not to put more than a simple title for the type of motion he brings before the Court. Plaintiff's counsel is also directed to comply with all of the civil rules and the local rules. Additionally Plaintiff's counsel is directed to make his CM/ECF filings in an appropriate manner and with short and plain titles to inform the Court as to the nature of the pleading or document filed. Plaintiff's counsel's current method of identifying filings on the docket is unacceptable. If and when Plaintiff's counsel elects to file additional motions, those motions will be supported by the proper documentation (supporting documents should be filed on CM/ECF as attachments to an affidavit or declaration).
>
> Failure to comply with these directives could result in sanctions.

Dkt. 42 at 3.

On April 18, 2011, Plaintiff filed the SAC in accord with the Court's order. Dkt. 43. On May 16, 2011, Plaintiff moved for default (Dkt. 46), which the Court denied for improper service. Dkt. 48. In this order (Dkt. 48), the Court reminded Webb to follow the applicable Federal and Local Civil Rules. On June 28, 2011, Plaintiff renewed his motion for default, which the Court's Clerk properly granted. Dkts. 59, 61.

On July 18, 2011, Plaintiff moved for default judgment. Dkt. 63. On August 11, 2011, the Court granted in part and denied in part, Plaintiff's motion for default judgment. The Court denied the motion with respect to certain amounts of damages requested and also denied without prejudice Plaintiff's motion for attorney fees. Dkt. 70.

On August 15, 2011, Plaintiff renewed his motion for attorney fees for Webb's work in obtaining a default judgment (Dkt. 71) in favor of Plaintiff. However, the Court again denied the motion for failure to supply an accounting to support the fees requested. Dkt. 73. Therein, the Court ordered Webb to supply an actual and specific accounting of the work performed and charged for, in order to assess fully the merits of Plaintiff's motion for attorney fees. *See id*.

On September 14, 2011, Plaintiff renewed his motion for attorney fees, which is supported by the Webb's Declaration (Webb Decl., Dkt. 75) (attaching various billing statements).

## II. DISCUSSION

### A. Webb's Federal Practice

Many courts in this district and elsewhere have consistently and repeatedly warned Webb that his litigation practices are improper and problematic. *See, e.g., Presidio Group, LLC v. GMAC Mortg., LLC*, 2008 WL 5110845 * 3 ("While it may not be the trial court's task to scour the record in search of a genuine issue of triable fact in a summary judgment context, it does fall upon the trial judge [in this case] to scour a 195-page complaint in search of specific factual allegations which might support the relief sought by the plaintiffs."); Presidio *Group, LLC v. Juniper Lakes Development, LLC*, 2010 WL 1331138 *2 (*Presidio II*) (Webb directed to file simple and plain 20-page complaint and that the 223 page complaint was unacceptable); *Presidio Group, LLC v. Juniper Lakes Development, LLC*, 2010 WL 2243358 *9. In *Presidio II* the Honorable Judge Bryan warned Webb as follows:

> As the defendants have noted, the judges of the Western District of Washington have often been forced to address the defects of pleadings submitted by plaintiffs' attorney, Dean Browning Webb. *See* Case No. 08-5298RBL; Case No. C08-5359BHS; Case No. C08-5580BHS. This court again instructs Mr. Webb to shorten his pleadings, and again puts him on notice that he may be personally liable for "unreasonably and vexatiously" multiplying proceedings. *Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183 (upholding the district court's decision to impose sanctions under 28 U.S.C. § 1927 when Mr. Webb showed bad faith through "the number and length of the pleadings, the timing involved in many of the filings, and the substance of the claims asserted.")

*Presidio II*, 2010 WL 1331138 at * 3. Although Webb has repeatedly been warned about such inappropriate filing practices, he has often ignored such direction in the same case and in subsequent case filings for other matters. The Court has not

overlooked this fact, and it is unclear why Webb continues to do so. As The Honorable Judge Leighton put it succinctly in 2008: "Brevity is the soul of wit." *Presidio Group, LLC v. GMAC Mortgage*, LLC 2008 WL 2595675 at *1 (quoting William Shakespeare's Hamlet, Act 2, Scene 2, Line 90; also noting that "[b]revity is the soul of a pleading").[1]

Indeed, Webb's filing issues are not limited to the Western District of Washington. *See, e.g., Uribe v. Countrywide Financial*, 2009 WL 195413 *3 (Webb "filed a behemoth pleading that fails to comply with Rule 8 . . . . Plaintiff's [first amended complaint] . . . is prolix, replete with redundancy and most importantly, fails to perform the essential functions of a complaint . . . . As filed, [it] imposes unfair burdens on defendants and the Court.")

**B. Efforts to Obtain Default Judgment**

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55 sets out what is required to obtain a default judgment against another party. To obtain default judgment in favor of Plaintiff, Webb only needed to accomplish the following tasks: (1) file a complaint; (2) move for default when no party pleaded or otherwise defended; and (3) after entry of

---

[1] The Honorable Judge Leighton also wrote a limerick to help Webb with proper filing:

Plaintiff has a great deal to say,
But it seems he skipped Rule 8(a),
His complaint is too long,
Which renders it wrong
Please re-write and re-file today

*Presidio Group, LLC*, 2008 WL 2595675 (Leighton, J.) (granting defendants' motions for a more definite statement). It is clear, given the course of this case, that even this clever and easy poem to remember the proper method for proper filing has been utterly lost on Webb.

default, move for and obtain default judgment. Such is the basis of what fees should be awarded in this case.

**C. Awarding Attorney Fees**

"It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997, 1008 (9th Cir. 2002) (*citing In re Washington Public Power Supply System Securities Litig. v. Continental Ins. Co.*, 19 F.3d 1291, 1299 (9th Cir. 2002)). Generally, a district court has discretion to apply a multiplier to the attorney's fees calculation to compensate for the risk of nonpayment. *Fischel*, 307 F.3d at 1008; *see also In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig. v. Exxon Corp.*, 109 F.3d 602 (9th Cir. 1997).

The "lodestar multiplier" is calculated by dividing the percentage fee award by the lodestar calculation. *Fischel*, 307 F.3d at 1008. Here, the multiplier of 1.75 is calculated by dividing $675,000.00 by $385,601.00. To determine whether the lodestar multiplier is reasonable, the following factors may be considered: (1) the amount involved and the results obtained, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the

professional relationship with the client, and (12) awards in similar cases. *Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 6 (9th Cir.1975)).

**D. What Fees are Justified in This Case**

The Court now considers the foregoing factors to determine what, if any, fees are appropriate to award Webb. First, the amount involved is a fee award of $250,000, which is subject to statutory trebling. Second, this case is not novel: con artists defrauded Plaintiff out of $250,000, and he wants his money back based on fraudulent inducement into contract. Third, the skill needed to handle this case, given the facts, is not overly specialized, contrary to Webb's unnecessary method to approaching this case. Fourth, Webb has not established that opportunities lost materially affect any award of fees. Fifth, the customary fee of $425/hour is at the outer boundaries of what attorneys in southwest Washington charge and the Court questions whether the quality of Webb's legal work warrants such a rate. Sixth, the fee in this case is contingent. Seventh, considering that this case has been unduly drug out by Webb, it does not appear that his client placed any restrictive time limitations on Webb to obtain judgment. Eighth, Webb has been able to obtain good results for his client by prevailing on the motion for default judgment. Ninth, whatever experience, reputation, and ability Webb has enjoyed prior to this case, his performance in this case has diminished that reputation; his work has actually provided his client a disservice by wasting resources and likely making promises of millions in recovery dollars that are not warranted or even possible given the facts of this case. Tenth, this case has not been shown to be undesirable. Eleventh, it seems that Webb has enjoyed a good and long relationship with his client, at least with respect to

this case. Finally, while attorneys may have obtained similar fee amounts as that requested here, Webb's performance makes those cases easily distinguishable.

Considering the foregoing, the Court will award fees for the time spent actually obtaining default judgment and will not award fees for time essentially wasted by Webb in fruitless efforts that did not comport with the Federal Rules and are unjustified in light of the Court's discretion to consider all relevant facts in determining the amount to be awarded. In short, a client should not have to pay for his/her lawyer's routine and constant mistakes.

Here, the Court had to direct Webb how to navigate the simple hurdles required to obtain default judgment and had to direct Webb multiple times to proceed in accord with the applicable rules and etiquette expected in the federal court system. The Court also had to reign in Webb's excessive, inefficient, redundant, and wholly obtuse method of proceeding toward default judgment in this case. In other words, if Webb had filed a simple and plain complaint, properly moved for default/default judgment, and then properly moved for attorney fees, the Court and Webb's client could have avoided a great deal of unnecessary and convoluted litigation practice.

The Court returns now to Plaintiff's motion for attorney fees. Webb submitted to the Court fee requests in the amount of $26,998.75, which equates to his hourly rate of $425.00 multiplied by the claimed 60.35 hours spent working on Plaintiff's case plus $1,350.00 in costs and expenses that will not be reimbursed. Dkt. 74 at 3. However, after stripping out the fees charged for fruitless efforts due to either being improper or premature, see above, Webb has set forth 6.2 hours of actual work product for which fees

should be awarded. *See* Webb Decl., Ex. 11 (fees proper for SAC drafting and filing, 2.65 hours; fees proper for .15 hours to review email); Ex. 12 (fees proper for emailing a total of 1.3 hours); Ex. 13 (fees proper for .5 hours for properly serving parties in an effort to obtain default/default judgment); Ex. 14 (fees proper for 1.25 hours based on Webb's proper filing of the motion for default judgment. Ex. 15 (fees proper for .35 hours for review of the Court's order granting in part and denying in part Plaintiff's motion for default judgment).

**E. Conclusion**

Based on the foregoing, the Court awards attorney fees to Webb for his 6.2 hours of productive work (as opposed to his countless hours of counterproductive efforts) at $425 per hour, equaling $2,635.00. This amount accounts for time appropriately spent filing a short and plain complaint (the SAC), properly serving the necessary parties, and properly moving for and obtaining default/default judgment.

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for attorney fees is granted in part and denied in part as discussed herein; Webb is **AWARDED** attorney fees in the amount of $2,635.00.

Dated this 7th day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge